UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                          )<br>                        Plaintiff,         )<br>        vs.                                           )<br>                                                          )<br>NICKY JUVENAL ALVAREZ-CACERES,  )<br>                                                          )<br>                        Defendant.      )<br>_____) | Case No.: 2:21-cr-00233-GMN-EJY-1<br><br>**ORDER**[1] |

Pending before the Court are the Emergency Motion for Compassionate Release Under the First Step Act, (ECF No. 29), and Motion for Compassionate Release,[2] (ECF No. 32), filed by Defendant Nicky Juvenal Alvarez-Caceres ("Defendant").  The Government filed a Response, (ECF No. 33), to which Defendant did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Emergency Motion for Compassionate Release Under the First Step Act and Motion for Compassionate Release.

I.     **BACKGROUND**

The Court incorporates the background and procedural history of this case from the Government's Response. (Resp. 2:4–3:8, ECF No. 33).  On August 14, 2023, Defendant filed the instant Emergency Motion for Compassionate Release, (ECF No. 29), and Motion for Compassionate Release, (ECF No. 32), contending that his release is necessary because there

---

[1] Pursuant to this Court's General Order 2020-06, the Federal Public Defender's ("FPD") office was appointed to determine if supplementation of Defendant's Motions was needed.  The FPD declined to file a supplement to Defendant's Motions. (Notice Non-Supplementation, ECF No. 31).  "This suggests that the [FPD's] office has already screened [Defendant's] [M]otion[s] and determined that he is not eligible for compassionate release at this time." *United States v. Taylor-Nairn*, No. 18-cr-5094, 2023 WL 3738053, at *2 (W.D. Wash. May 31, 2023).

[2] Defendant's Motion for Compassionate Release raises the same arguments as his Emergency Motion for Compassionate Release. (*Compare* Emergency Mot. Compassionate Release *with* Mot. Compassionate Release). Because the Motions assert identical arguments, the Court addresses the Motions together.

have been deaths and quarantined units at his detention facility. (Emergency Mot. Compassionate Release at 1–3, 6); (Mot. Compassionate Release at 1–2). While unclear, it appears Defendant argues that his compassionate release is warranted due to a COVID-19 outbreak at his facility, where he faces a higher risk of serious illness because of his asthma and "other medical problems." (Emergency Mot. Compassionate Release at 1–2, 6–7). The Court discusses Defendant's Motions below.

## II.  LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). "[T]his general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

Previously, only the Bureau of Prisons ("BOP") Director could file a motion under 18 U.S.C. § 3582(c)(1)(A) on a n inmate's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). As part of the First Step Act of 2018, however, "Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed. *Id.* (citing First Step Act of 2018, Pub. L. No. 115-391, Title VI, sec. 603(b)(1), 132 Stat. 5194, 5239 (2018)).

If a district court decides that an inmate has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, the court proceeds to determine whether: (1) "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); (2) "such a reduction in sentence is consistent with applicable statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A); and (3) the sentence reduction is warranted under

///

1 applicable 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A).  The absence of

2 any of these requirements is sufficient to deny a motion for compassionate release. *Keller*, 2

3 F.4th at 1284 ("[A] district court that properly denies compassionate release compassionate

4 release need not evaluate each step.").

5       An inmate seek relief under 18 U.S.C. § 3582(c)(1)(A) bears the burden of proof by a

6 preponderance of the evidence. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir.

7 1998); *United States v. Ibarra*, No. 19-cr-00049, 2021 WL 3924733, at *2 (D. Haw. Sept. 1,

8 2021).

## III. DISCUSSION

The Government does not dispute that Defendant properly exhausted his administrative remedies. (*See* Resp. 3:13–4:11).  Therefore, the Court's discussion begins by examining whether there are "extraordinary and compelling" reasons justifying compassionate release.

      As stated, Defendant contends "extraordinary and compelling" reasons exist because he faces a higher risk of serious illness from a COVID-19 outbreak at his detention facility due to his asthma and other unspecified medical problems.[3] (Emergency Mot. Compassionate Release at 1–2, 6–7).  In response, the Government argues Defendant's asthma and generalized fears concerning COVID-19 do not present "extraordinary and compelling" reasons warranting compassionate release. (Resp. 4:19–5:19).

---

[3] Defendant also avers compassionate release is warranted because it has "been hard for [him] to get an inhalator [sic] and medical treatment" for his asthma, and that he needs to go to the emergency room "to do testing, CT, MRI, etc." for head pain." (Mot. Compassionate Release at 1).  The Court is not persuaded by Defendant's argument that the conditions of his confinement establish extraordinary and compelling reasons warranting release.  "[A] motion for compassionate release is [generally] not the proper vehicle to challenge [the] conditions of confinement.  Rather, such a challenge is properly advanced in a petition for a writ of habeas corpus or through a civil suit challenging those conditions." *United States v. Peterson*, No. 11-cr-5566, 2013 WL 2161692, at *3 (W.D. Wash. Feb. 22, 2023) (citing *United States v. White*, No. 19-cr-00341, 2021 WL 349220, at *4 (S.D. Cal. Aug. 9, 2021).  The Court understands that the "realities of prison are less than ideal" but advises Defendant that his present Motions "[are] not the proper vehicle to assert a medical-neglect claim." *United States v. George*, No. 2:20-cr-00009, 2022 WL 5109791, at *2 n.19 (D. Nev. Oct. 4, 2022).

Here, the Court agrees with the Government that Defendant's asthma and other unspecified conditions do not establish extraordinary and compelling reason warranting his release.[4]  The Centers for Disease Control ("CDC") advises that age (noting "especially those ages 50 and older, with risk increasing with older age"), having an immunocompromised, or weakened immune system, and having underlying health conditions raises an individual's risk of getting very sick from COVID-19. *See* Factors That Affect Your Risk of Getting Very Sick from COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/risks-getting-very-sick.html (last visited August 25, 2023).  Other than Defendant's asthma, his age—as of this Order, 41 years old—and lack of documented immunocompromised immune system issues or other underlying health conditions suggest that Defendant is at a relatively low risk of getting very sick from COVID-19. *See Lassen*, 2023 3868622, at *3; *see also United States v. Lopez-Perez*, No. 1:14- cr-00045, 2023 WL 2167107, at *3 (E.D. Cal. Feb. 22, 2023) ("Defendant specifically states that COVID-19 poses a high risk to his health because he suffers from asthma, obesity, age vulnerability, diverticulitis, hernia, vision loss, enlarged prostate, and depression. While the Court acknowledges that these conditions may place Defendant's health at higher risk, the Court has previously denied motions for compassionate release where the

---

[4] Defendant bears the burden of establishing extraordinary and compelling reasons warranting compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).  "Part of Defendant's failure is the lack of medical documentation to support the validity of any of his claimed health conditions[,]" including his asthma. *United States v. Lassen*, No. 18-cr-00030, 2023 WL 3868522, at *3 (D. Haw. June 7, 2023).  Without this medical documentation, the Court cannot verify the severity of Defendant's asthma, purported head injury, or "other medical problems." *See United States v. Enos*, No. 19-cr-00028, 2023 WL 4420272, at *3 (D. Haw. July 10, 2023) (denying the defendant's compassionate release motion in part because the defendant did not "provide[] any medical documentation to support the severity of [his] asthma and ongoing symptoms of [his] 'long term Covid'").  The CDC states that those with chronic lung diseases—such as "moderate to severe" asthma—"can make you more likely to get very sick from COVID-19," *see* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 25, 2023).  Here, neither party included medical records showing whether Defendant's asthma is "moderate to severe."  Even if Defendant's asthma was moderate to severe, however, his age and lack of documented immunocompromised immune system issues strongly suggest he is a relatively low risk of getting very sick from COVID-19, militating against a finding of extraordinary and compelling reasons warranting compassionate release.

defendant similarly suffered from both obesity and asthma.") (citing cases)).  And "chronic but manageable medical conditions[,]" like Defendant's asthma, do not constitute extraordinary and compelling circumstances. *United States v. Miller*, No. 15-cr-00471, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021); *see also United States v. Weidenhamer*, No. 16-cr-01072, 2019 WL 6050265, at *5 (D. Ariz. Nov. 8, 2019) ("To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from two chronic conditions that she is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citation omitted).

Finally, although the Court does not discount the dangers associated with COVID-19 nor the difficulties prisons face in preventing and containing outbreaks, "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Bolden*, No. 16-cr-0320, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *see United States v. Veletanlic*, No. 18-cr-0162, 2021 WL 5205706, at *4 (W.D. Wash. Nov. 9, 2021); (rejecting argument that the general "conditions at [defendant's prison] warrant release, including the number of COVID-19 infections and deaths, the lax implementation and enforcement of COVID-19 prevention policies, the impossibility of maintaining social distancing, and the unhygienic living situations"); *United States v. Ruelas-Payan*, No. 17-cr-0229, 2021 WL 5847587, at *3 (W.D. Wash. Dec. 9, 2021) (rejecting similar arguments).  "Extraordinary and compelling" circumstances are not established by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists." *Riley*, 2020 WL 1819838, at *7

In sum, Defendant has not met his burden to show that "extraordinary and compelling reasons" warrant a reduction in his sentence.  Therefore, the Court does not need to address whether Defendant's release would pose a danger to the community or any of the factors set
///

forth in 18 U.S.C. § 3553(a).[5] *See Keller*, 2 F.4th at 1284 ("[A] district court that properly denies compassionate release compassionate release need not evaluate each step.").

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release Under the First Step Act, (ECF No. 32), and Motion for Compassionate Release, (ECF No. 29), are **DENIED**.

**DATED** this __5__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[5] Even if Defendant had established extraordinary and compelling reasons warranting his release, the Court agrees with the Government that the section 3553(a) factors do not support compassionate release. (Resp. 6:20–7:10).  Specifically, Defendant committed a new violation while under supervision; thus, granting Defendant early release would not reflect the seriousness of his offense and afford adequate deterrence.